**COLORADO HEALTH FACILITIES REVIEW COUNCIL, Petitioner,**

**Swedish Health Corporation, Co-Petitioner,**

**v.**

**DISTRICT COURT In and For the CITY AND COUNTY OF DENVER, and the Honorable Daniel B. Sparr, District Court Judge, Respondents.**

**COLORADO BOARD OF HEALTH, Petitioner,**

**Swedish Health Corporation, Co-Petitioner,**

**v.**

**DISTRICT COURT In and For the CITY AND COUNTY OF DENVER, and the Honorable Daniel B. Sparr, in his capacity as District Court Judge, Respondents.**

**Nos. 84SA187, 84SA188.**

Supreme Court of Colorado, En Banc.

Oct. 22, 1984.

---

3. The record does not reveal the source of the     district court's order.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Anthony Marquez, Asst. Atty. Gen., Denver, for petitioner.

Robert E. Youle, Paul C. Daw, Daniel E. Klaus, Sherman & Howard, Denver, for co-petitioner.

Michael W. Lillie, Richard L. Thorgren, Mary H. Rudolph, Hughes & Dorsey, Dirk W. deRoos, Elizabeth MacDonald, Kutak, Rock & Huie, Richard L. Schrepferman, Vicki E. Baer, Holme, Roberts & Owen, Tucker K. Trautman, Margaret L. Toal-Rossi, Ireland, Stapleton, Pryor & Pascoe, P.C., Denver, for respondents.

DUBOFSKY, Justice.

In this original proceeding, we issued a rule to show cause why a complaint filed in Denver District Court by several Denver hospitals requesting interlocutory review of a Colorado Board of Health (board of health) order should not be dismissed for lack of subject matter jurisdiction. The respondent district court denied the board's motion to dismiss the hospitals' complaint and retained jurisdiction to review a board order remanding to a hearing officer "certificate of need" proceedings involving the hospitals. Because the board's remand order was not final agency action subject to judicial review, we make the rule absolute.

In 1982, five health care providers, Adventist Health Systems/Rocky Mountain Hospital, Presbyterian/St. Luke's Medical Center, Mercy Medical Center, St. Joseph Hospital (the plaintiffs) and Swedish Health Corporation (Swedish) filed applications for certificates of public need to build new hospital facilities in the south Denver metropolitan area. The applications, filed with the Colorado Health Facilities Review Council (HFRC), estimated times of completion for the proposed facilities ranging from December 1984 to June 1986.

Section 25–3–506, 11 C.R.S. (1982) requires a certificate of need before a health care facility can be constructed. Under section 25–3–511(2), 11 C.R.S. (1982),[1] the HFRC must make several statutory findings before granting a certificate. Because the five applications here affected the same health service area, the HFRC considered them concurrently, and found that: (1) there was no need for new health facilities in the area covered by the applications, and there would be no such need at the time that the proposed facilities would be completed; and (2) for each application, there were superior alternatives to the proposed construction of a new facility.

---

1. Section 25–3–511(2), 11 C.R.S. (1982) provides:
    The council shall not grant a certificate of public necessity unless it makes written findings that:
    (a) The appropriateness of the project is evidenced by valid analysis of the needs of the population to be served, considering standards, plans, or criteria adopted by the council;
    (b) There is a demand for the project as evidenced by the efficient utilization of resources currently providing similar services to the population of the proposed project's relevant service area and the project would not result in a significant overcapacity within the relevant service area at the time of its completion, taking into account projected population growth;
    (c) Superior practical alternative approaches to the provision of the proposed services in terms of appropriateness, cost-effectiveness, or quality of care do not exist;
    (d) The capital and operating costs of the proposed project are reasonable and will not inappropriately increase patient charges.

All five applicants appealed the HFRC decision to the board of health, but Swedish later withdrew its appeal and intervened in support of the HFRC decision. Humana Hospital of Aurora (Humana) also intervened in support of the HFRC decision. The Board of Health appointed a hearing officer to take testimony concerning the appeals, § 25–1–108(1)(d), 11 C.R.S. (1982),[2] and in the spring of 1983 the hearing officer conducted hearings on the need for new facilities. On August 11, 1983, the hearing officer issued an interlocutory decision holding that it was more reasonable to assess need for new hospital facilities in terms of projected population in 1990 rather than 1985. The hearing officer concluded that the number of hospital beds needed in 1990 was between 125 and 400. Therefore, the hearing officer reversed the HFRC decision that no need existed for new hospital facilities in the south metro area. The hearing officer instructed the applicants in the next phase of the hearings, on the merits of the applications, to address the "determination that the bed need range for the south metro area is 125 to 400 with no more than 175 beds or one facility to be approved without accompanying reduction in beds by closure of existing facilities or otherwise."

Swedish filed a petition with the board of health requesting review of whether the hearing officer had exceeded his jurisdiction by considering the time period from 1986 to 1990, a time period following that contemplated by the applicants in setting the proposed facility completion dates. The board of health initially rejected Swedish's petition, but on October 28, 1983, the board directed the hearing officer to redesignate the interlocutory decision as an "initial decision" subject to review by the board. The hearing officer issued a revised initial decision on November 7, 1983. In addition to reaffirming his prior holdings, the hearing officer specifically overturned each of the HFRC determinations, and consistently assessed the number of beds needed in the south Denver area in terms of projected populations for 1990.

At the board of health meeting on January 18, 1984, Swedish, Humana and the HFRC argued that the hearing officer's jurisdiction to review certificate of need decisions was limited to the findings made by the HFRC and the projected need for hospital beds as of the anticipated completion dates for the proposed facilities. Therefore, they maintained that the hearing officer's decision should not be based on population projections for 1990. Subsequently, the board of health set aside the hearing officer's initial decision, limited his jurisdiction to a determination of need for the proposed services based upon the times of completion set forth in the applications, and directed him to redetermine need and complete the merits phase of the hearing, limiting his review to the findings of the HFRC on the merits of the applications.[3] At St. Joseph's request, the board reconsidered this decision at its February 15, 1984 meeting and in effect amended its order to allow the hearing officer to take evidence related to the need for hospital beds through 1990.

The plaintiffs filed suit in district court before the January meeting of the board of health. On February 22, 1984, they filed an amended complaint, requesting the

---

**2.** Section 25–1–108(1)(d) provides in pertinent part that the board of health "may designate a hearing officer appointed pursuant to part 10 of article 30 of title 24, C.R.S. 1973, to conduct hearings for the board, pursuant to section 24–4–105, C.R.S. 1973...."

**3.** The board's order provides:

(1) That the determination of the hearing officer in his initial decision of November 7, 1983 that a range of from 125 to 400 beds is needed to serve the needs of the south metro area by 1990 is hereby set aside.

(2) That this case is hereby remanded to the hearing officer for a determination of need for the proposed services based upon the times of completion set forth in the applications.

(3) That the hearing officer is further directed, pursuant to C.R.S. 1973, 25–1–108(1)(d) to complete the merits phase of this appeal, and, in so doing, to limit his review to a review of findings of the HFRC on the merits of the applications.

court to enjoin the proceedings before the board of health and to review the board's January order. The board of health, HFRC and Swedish filed motions to dismiss for lack of subject matter jurisdiction. On March 6, 1984, without the benefit of briefs on the issue of jurisdiction, the district court heard argument and denied the motion. In a subsequent written opinion, the district court determined that it had jurisdiction to review the board of health's order under section 24–4–106(2), 10 C.R.S. (1982); sections 24–4–105, 10 C.R.S. (1982) and 25–3–509, 11 C.R.S. (1982); and section 24–4–105(10), 10 C.R.S. (1982). The HFRC and the board of health each filed petitions with this court for a writ of prohibition against the district court's exercise of jurisdiction. We hold that the district court lacked jurisdiction to review the interlocutory decision of the board of health and therefore erred in denying the motion to dismiss.

### I.

■ In general, courts will not interfere with agency proceedings until the agency has taken final action. *Department of Revenue v. District Court*, 172 Colo. 144, 470 P.2d 864 (1970).

> Traditionally, we have prevented judicial interference with a function properly delegated to the executive branch of state government by ruling that a district court does not have jurisdiction to restrain an administrative agency from performing its statutory duties. The State Administrative Procedure Act (APA), sections 24–4–101 *et seq.*, C.R.S. 1973 (1980 Supp.), reflects that solicitude for separation of powers by requiring that parties involved in administrative proceedings exhaust their administrative remedies before seeking judicial review.

*State Personnel Board v. District Court*, 637 P.2d 333, 335 (Colo.1981) (citations omitted).

The plaintiffs argue that the board of health's order was "final agency action"

reviewable under section 24–4–106(2),[4] the section of the state Administrative Procedure Act (APA) providing for judicial review of agency proceedings. In support of their contention, the plaintiffs cite federal cases discussing the concept of final agency action and the federal exceptions to the final action rule, which allow early review of an interlocutory agency decision in some circumstances. *See, e.g., McCulloch v. Sociedad Nacional*, 372 U.S. 10, 83 S.Ct. 671, 9 L.Ed.2d 547 (1963); *Leedom v. Kyne*, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958); *Department of Energy v. Louisiana*, 690 F.2d 180 (Emer.Ct.App.1982), *cert. denied*, 460 U.S. 1069, 103 S.Ct. 1522, 75 L.Ed.2d 946 (1983); *American Federation of Government Employees v. Acree*, 475 F.2d 1289 (D.C.Cir.1973); *Citizens Communications Center v. FCC*, 447 F.2d 1201 (D.C. Cir.1971). These exceptions have not been incorporated into Colorado law, and we need not incorporate them now because the board's order was a non-final action amenable to review upon the conclusion of the agency proceedings.

■ The order of the board of health did not bear any of the marks of a final agency decision; it was neither the issuance of a general regulation nor the determination of particular rights in an adjudication. *See Board of Cosmetology v. District Court*, 187 Colo. 175, 530 P.2d 1278, 1281 (1974). The board merely set aside the hearing officer's initial determination and remanded the case with instructions to the hearing officer for further proceedings. Such a reversal and remand is not a reviewable final action. *Dravo Corp. v. Industrial Commission*, 32 Colo.App. 418, 513 P.2d 218 (1973); *see State Personnel Board v. District Court*, 637 P.2d at 336.

A review of the board's remand is premature because the hearing officer may make a determination of 1985 need that satisfies some or all of the plaintiffs. Interlocutory review is not likely to resolve all issues because, regardless of the outcome, it is

---

**4.** Section 24–4–106(2), 10 C.R.S. (1982) provides that "[f]inal agency action under this or any

other law shall be subject to judicial review as provided in this section...."

doubtful that all the plaintiffs will receive their requested certificates, or that Humana or Swedish will be content with the issuance of a certificate to any of the plaintiffs. The hearing officer has already decided that the HFRC's denial of Presbyterian/St. Luke's Medical Center's application on the merits should be upheld. Therefore, interlocutory review of the single issue now before the district court will result in piecemeal review of the board of health proceedings. *See Banking Board v. District Court,* 177 Colo. 77, 492 P.2d 837 (1972); *Industrial Commission v. Globe Indemnity Co.,* 145 Colo. 453, 358 P.2d 885 (1961). Inefficient multiple reviews lead to judicial encroachment on the functions of the executive branch. *See Board of Medical Examiners v. District Court,* 138 Colo. 227, 331 P.2d 502, 504 (1958).

■ Arguing from federal precedent, the plaintiffs suggest that the action must be considered final, or ripe for review even if not final, if the order reflects a considered decision on a purely legal issue and severe hardship will result to the parties from delaying court review until after administrative proceedings are completed. To the contrary, that the board of health's decision concerned a legal issue of statutory interpretation does not lead inescapably to the conclusion that immediate judicial review is appropriate. Administrative proceedings at least implicitly include legal determinations of the agency's jurisdiction under an organic statute, but such determinations generally are not reviewed until the conclusion of the proceedings. *See Leonhart v. District Court,* 138 Colo. 1, 329 P.2d 781 (1958). In federal cases similar to the present situation, courts have refused to review agency decisions that restricted the evidence to be considered in agency adjudications, holding that this refusal to take evidence should be reviewed only after the agency makes a final decision. *See Ecology Action v. AEC,* 492 F.2d 998 (2d

Cir.1974); *Thermal Ecology Must Be Preserved v. AEC,* 433 F.2d 524 (D.C.Cir.1970).

Although federal courts grant interlocutory review in cases in which the parties will suffer significant hardship if review is delayed, the courts have limited this exception to cases in which the parties will suffer irremediable harm. *See Gulf Oil Corp. v. Department of Energy,* 663 F.2d 296 (D.C.Cir.1981). In Colorado, this requirement is included in section 24–4–106(8), 10 C.R.S. (1982),[5] which allows interlocutory review of agency proceedings if a party will suffer "irreparable injury" and the agency action is "clearly beyond the constitutional or statutory jurisdiction or authority of the agency."

■ The criterion of irreparable injury is not met in the instant case. The plaintiffs may yet receive their certificates in the ongoing proceedings before the board of health. If they do not, and choose to appeal the board's action after a final determination is made, the January 24, 1984 order of the board can be reviewed at that time. If that order is overturned by the court, the only result will be a remand to the agency for redetermination regarding the issuance of a certificate of need. Although the plaintiffs may incur significant expense in utilizing the certificate of need process and suffer delay before being authorized to build new facilities, such expense and delay alone have never been considered irreparable injuries. *See Renegotiation Board v. Bannercraft Clothing Company,* 415 U.S. 1, 24, 94 S.Ct. 1028, 1040, 39 L.Ed.2d 123 (1974). *Accord, Dravo Corp.,* 32 Colo.App. 418, 513 P.2d 218. Therefore, we conclude that the remand order of the board of health is not reviewable under section 24–4–106. It is neither final agency action, nor does it satisfy the criteria for interlocutory review.

II.

The district court's second basis for assuming jurisdiction is the general allega-

---

5. Section 24–4–106(8), 10 C.R.S. (1982) provides: Upon a showing of irreparable injury, any court of competent jurisdiction may enjoin at any time the conduct of any agency proceeding in which the proceeding itself or the action proposed to be taken therein is clearly beyond the constitutional or statutory jurisdiction or authority of the agency. . . .

tion that the board's review of the hearing officer's initial decision violated the procedural requirements of sections 24–4–105, 10 C.R.S. (1982)[6] and 25–3–509, 11 C.R.S. (1982),[7] and therefore violated the plaintiffs' due process rights. Although the court made no explicit holding in this regard, the court must have concluded that such a general allegation was sufficient for the court to take jurisdiction over this proceeding before the agency process was completed.

■ However, exerting jurisdiction on the basis of this allegation violates the presumption of regularity in the conduct of agency proceedings. *Leonard v. Board of Directors, Powers County Hospital District,* 673 P.2d 1019, 1022 (Colo.App.1983). An allegation that an individual plaintiff's rights have been violated is subject to judicial review after final agency action. *Department of Revenue v. District Court,* 470 P.2d at 867. *Accord, Coca-Cola Co. v. Federal Trade Commission,* 475 F.2d 299 (5th Cir.), *cert. denied,* 414 U.S. 865, 94 S.Ct. 121, 38 L.Ed.2d 122 (1973). Similarly, the plaintiffs' allegations of bias on the

part of the board can be reviewed adequately after the final board decision.[8] *See Board of Medical Examiners v. District Court,* 138 Colo. 227, 331 P.2d 502; *see also Leonard,* 673 P.2d 1019 (reviewing allegations of bias after final action of board of directors of hospital district).

■ Allegations of constitutional violations may lead to judicial review of non-final agency proceedings if such allegations meet the requirements of section 24–4–106(8), discussed above. Such allegations must concern agency action that is clearly outside the agency's constitutional or statutory authority. *See State Personnel Board,* 637 P.2d at 336–37; *Department of Revenue,* 470 P.2d at 867. The board of health's actions in this case are within the scope of the board's jurisdiction and authority; the interlocutory order concerned an appeal of the HFRC determination regarding hospital need. Section 25–3–509, 11 C.R.S. (1982) requires the board to review such certificate of need determinations. Therefore, the board's order lay within its statutory authority.

6. Section 24–4–105, 10 C.R.S. (1982) contains the general procedures to be applied in agency adjudicatory decision-making.

7. Section 25–3–509, 11 C.R.S. (1982) provides:
(1) A decision of the council to approve the issuance of or to deny a certificate of public necessity or a petition for a declaratory order by the council may be appealed to the state board of health, within thirty days after receipt of notice of such decision, by any person directly affected by the decision.
(2) Not more than thirty days after the filing of a notice of appeal, the state board of health shall set a time (which time shall not be more than sixty-five days after the filing of notice of appeal) and place (which place shall be set at the approximate location of the proposed construction, expansion, or modification for which the certificate of public necessity has been requested) for a public hearing on the application. Every hearing shall be conducted in conformity with the provisions of article 4 of title 24, C.R.S. 1973.
(3) Within forty-five days after the conclusion of such hearing, the state board of health shall make written findings stating the basis for its decision.
(4) The decision of the state board of health on such appeal shall be final, subject to the provisions of section 24–4–106, C.R.S. 1973.

If there is no appeal, the decision of the council shall be final.
(5) An applicant may appeal the council's failure to act as provided in section 25–3–508(2). If such appeal is taken pursuant to this subsection (5), the state board of health shall direct the council to hold a hearing and make a decision on the application within thirty days or at the next regular meeting of the council, whichever is later.
(6) Any person adversely affected by the final decision of the state board of health pursuant to subsection (1) of this section may, within thirty days after an administrative review of such decision is completed, obtain judicial review of such decision. The decision of the state board of health shall be affirmed upon such judicial review unless it is found to be arbitrary or capricious or not made in compliance with applicable law.

8. Section 24–4–105(3), 10 C.R.S. (1982) provides for disqualification of a hearing officer, member of an agency, or the agency "[u]pon the filing in good faith by a party of a timely and sufficient affidavit of personal bias ...." No affidavits of personal bias appear in the record with which we have been provided.

## III.

The third basis asserted for the district court's jurisdiction is the provision of section 24–4–105(10), 10 C.R.S. (1982)[9] allowing a court to order any administrative agency to conduct agency proceedings with dispatch. This provision does not justify the assertion of jurisdiction over this case. The record discloses no delay of agency proceedings. The hearing officer continued to hold hearings on the merits of each hospital's proposal after this suit was filed in district court.[10] On April 20, 1984, the hearing officer filed a supplemental initial decision on the need for hospital beds from 1985 through 1990. On October 1, he made an initial decision reviewing the HFRC's findings on the relative merits of each hospital's application.

Even if the district court could take jurisdiction of the case on the basis of a mere allegation of agency delay, section 24–4–105(10) provides only one form of relief: a court order to the agency "to decide the matter promptly." The plaintiffs did not request this form of relief, which would not result in the requested judicial review of the merits of the board's order of January 24, 1984 anyway.

Therefore, the rule is made absolute, and the district court is directed to dismiss the complaint.

---

**9.** Section 24–4–105(10) provides in part:
Upon application made to any court of competent jurisdiction by a party to any agency proceeding or by a person adversely affected by agency action and a showing to the court that there has been undue delay in connection with such proceeding or action, the court may direct the agency to decide the matter promptly.

**10.** Between February and May, 1983, the hearing officer heard 39 days of testimony on the need for new hospitals. Hearings on the merits of the applicants' proposals were conducted in September and October 1983, and in March 1984, concluding on March 28, 1984.