T & S LEASING, INC., d/b/a Aspen Care Center West; and Westminster Nursing Home, Inc., d/b/a Aspen Care Center East, Petitioners,

v.

DISTRICT COURT, CITY AND COUNTY OF DENVER, Colorado; and Honorable Alvin D. Lichtenstein, one of the Judges thereof, Respondents.

No. 86SA236.

Supreme Court of Colorado,
En Banc.

Dec. 2, 1986.

Sheila H. Meer, Nancy P. Tisdall, James R. Gilsdorf, Sheila H. Meer, P.C., Denver, for petitioners.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Wade Livingston, Asst. Atty. Gen., Denver, for respondents.

DUBOFSKY, Justice.

In this original proceeding, we issued a rule to show cause why a complaint filed in Denver district court by the Colorado Department of Social Services (department) requesting interlocutory review of a state hearing officer's order should not be dismissed for lack of subject matter jurisdiction. The respondent district court denied a motion to dismiss filed by the petitioners, two nursing homes, and retained jurisdiction under C.R.C.P. 106(a)(4) to review the hearing officer's order requiring the department immediately to pay nearly $36,000 to one of the nursing homes. Because the Administrative Procedure Act (A.P.A.), section 24–4–101, *et seq.*, 10B C.R.S. (1982), establishes the exclusive means by which the hearing officer's order may be reviewed, we make the rule absolute.

## I.

The petitioners, T & S Leasing, Inc., doing business as Aspen Care Center West (Aspen West), and Westminster Nursing Home, Inc., doing business as Aspen Care Center East (Aspen East), disputed the amount of Medicaid funds paid to them under retroactive rate adjustments by the department in 1983, 1984, and 1985, and, as aggrieved providers, appealed under § 8.050, 10 C.C.R. 2505–10 (1986). An administrative hearing before a state hearing officer was set for August, 1986. Meanwhile, the nursing homes moved for immediate payment of the retroactive rate adjustments, and on May 14, 1986, the hearing officer determined that the depart-

ment's delay in payment of overdue expected funds and withholding of new expected funds irreparably injured the nursing homes. The hearing officer concluded that the department's delay in payment constituted "adverse action" and was subject to stay until final agency action under § 8.050.04, which provides:

If an appeal ... is timely lodged, the effective date of the adverse action may be stayed by the hearing officer upon motion of the provider until final agency action.

The hearing officer granted Aspen East's motion for stay and directed the department to release Medicaid payments of $35,-929.28 to Aspen East by May 19, 1986. The hearing officer also partially granted Aspen West's motion for stay and directed the department to refrain from any attempts to withhold, recoup or adjust Aspen West's rate of payment in the amount of $40,392. The hearing officer made the stays effective until issuance of a final agency order.

Arguing that the hearing officer was without jurisdiction to order the department to pay over $35,000 in disputed Medicaid payments and that there was no regulatory basis for the hearing officer's order, the department on May 19, 1986, filed a "Complaint for Judicial Review of Agency Action and Stay of Agency Action" in the Denver district court. The complaint stated three grounds for the court's jurisdiction: (1) section 24–4–106(4), 10 C.R.S. (1982) (judicial review of final agency action); (2) section 24–4–106(8) (interlocutory review of agency action upon showing of irreparable injury and conduct of agency clearly beyond constitutional or statutory jurisdiction or authority of agency); or (3) relief in the nature of a writ of prohibition or mandamus under C.R.C.P. 106. The department also requested a temporary restraining order and a preliminary injunction to stay the hearing officer's ruling.

The nursing homes moved to dismiss the complaint, asserting that the district court

lacked subject matter jurisdiction. On May 22, 1986, the district court ruled that it lacked jurisdiction under section 24–4–106, but that it did have jurisdiction under C.R. C.P. 106(a)(4) and ordered the agency record to be certified to the court. The court denied the request for a temporary restraining order or preliminary injunction on the basis that the department had failed to demonstrate irreparable injury because the department could recover any amount wrongfully paid out from future Medicaid payments to the nursing homes after final agency action.

## II.

The issue in this case is whether the district court has jurisdiction under C.R. C.P. 106 to review an interlocutory order of a state administrative agency. C.R.C.P. 106(a)(4) provides that relief may be obtained from a district court

[w]here any governmental officer ... exercising judicial or quasi-judicial functions has exceeded its jurisdiction or abused its discretion, and there is no plain, speedy and adequate remedy otherwise provided by law.[1]

The nursing homes contend that the A.P.A. is a "plain, speedy and adequate remedy ... provided by law" that precludes jurisdiction under C.R.C.P. 106.

The "Colorado Social Services Code," title 26 of the Colorado Revised Statutes, makes the A.P.A. applicable to disputes over the payment of Medicaid funds to nursing homes. Section 26–1–106, 11 C.R.S. (1986 Supp.), provides that a hearing

conducted by the hearing officer shall be considered as a hearing conducted by the agency and judicial review subject to section 24–4–106 for any party, including the state department ... shall be directly from said agency.

Thus, interlocutory review of a hearing officer's interim order is under section 24–4–106(8), 10 C.R.S. (1982):

**1.** C.R.C.P. 106 customarily applies to the review of rulings by local governmental agencies. *See*

annotated cases, C.R.C.P. 106, Vol. 7A, C.R.S. (1973).

Upon a showing of irreparable injury, any court of competent jurisdiction may enjoin at any time the conduct of any agency proceeding in which ... the action proposed to be taken therein is clearly beyond constitutional or statutory jurisdiction or authority of the agency.

The district court found that the department did not demonstrate any irreparable injury from the hearing officer's order, and thus the court ruled that it did not have jurisdiction under the A.P.A. to consider an interlocutory appeal of the ongoing agency proceeding.

The department argues that the court's ruling that there is no irreparable injury removes section 24–4–106(8) as a "plain, speedy and adequate remedy." However, were we to accept the department's argument, it would mean that the provisions for interlocutory review under the A.P.A. could be circumvented whenever a party to an agency proceeding sought review under C.R.C.P. 106. The reason that the department could not obtain review of the hearing officer's decision is not that no remedy existed, but that the department failed to demonstrate irreparable injury as required under section 24–4–106(8).[2] The legislature has provided an exclusive method of review for hearings conducted by the department under section 24–4–106 of the A.P.A. *Department of Personnel v. State Personnel Board*, 722 P.2d 1012, 1019 (Colo.1986); *see Cloverleaf Kennel Club, Inc. v. Colorado Racing Commission*, 620 P.2d 1051, 1055 (Colo.1980); *People v. District Court*, 200 Colo. 65, 612 P.2d 87 (1980).

In general, courts will not interfere with agency proceedings until the agency has taken final action. *Colorado Health Facilities Review Council v. District Court*, 689 P.2d 617 (Colo.1984); *Department of Revenue v. District Court*, 172 Colo. 144, 470 P.2d 864 (1970). Unless the requirements of section 24–4–106(8) are met, interlocutory review of a single issue in an agency proceeding is inefficient and leads to judicial encroachment on the executive functions. Traditionally, we have prevented judicial interference with a function properly delegated to the executive branch of state government by ruling that a district court does not have jurisdiction to restrain an administrative agency from performing its statutory duties. *Colorado Health Facilities Review Council*, 689 P.2d at 621; *State Personnel Board v. District Court*, 637 P.2d at 335; *State Board of Cosmetology v. District Court*, 187 Colo. 175, 530 P.2d 1278 (1974); *Moore v. District Court*, 184 Colo. 63, 518 P.2d 948 (1974); *Banking Board v. District Court*, 177 Colo. 77, 492 P.2d 837 (1972); *Colorado Department of Revenue*, 172 Colo. 144, 470 P.2d 864; *People ex rel. Heckers v. District Court*, 170 Colo. 533, 463 P.2d 310 (1970); *Colorado State Board of Medical Examiners v. District Court*, 138 Colo. 227, 331 P.2d 502 (1958); *People ex rel. Alexander*, 29 Colo. 182, 68 P. 242 (1901). The A.P.A. reflects that solicitude for separation of powers by requiring that parties involved in administrative proceedings exhaust their administrative remedies before seeking judicial review. *Colorado Health Facilities Review Council*, 689 P.2d at 621; *State Personnel Board*, 637 P.2d at 335.

We conclude that the district court does not have jurisdiction under C.R.C.P. 106 to

---

**2.** The district court also ruled that the department failed to establish jurisdiction under section 24–4–106(5), 10 C.R.S. (1982), which provides:

Upon a finding that irreparable injury would otherwise result, the agency, upon application therefor, shall postpone the effective date of the agency action pending judicial review, or the *reviewing* court, upon application therefor and regardless of such an application previously has been made to or denied by any agency, and upon such terms and upon such security, if any, as the court shall find neces-

sary and order, shall issue all necessary and appropriate process to postpone the effective date of the agency action or to preserve the rights of the parties pending conclusion of the *review* proceedings.

(Emphasis added.) Under section 24–4–106(5) the jurisdiction of the district court to postpone the effective date of the agency action is limited to proceedings taken in conjunction with an action for judicial review filed after final agency action. *State Personnel Board v. District Court*, 637 P.2d 333, 335 (Colo.1981).

review the hearing officer's interlocutory order entered in the agency proceeding. Accordingly, the rule is made absolute and the district court is directed to dismiss the department's complaint.