73 P.3d 22 (2003)
Concerning the Application for Water Rights of Groundwater Appropriators of the South Platte River Basin, Inc., in Sedgwick County,
GROUNDWATER APPROPRIATORS OF the SOUTH PLATTE RIVER BASIN, INC., Applicant-Appellant/Cross-Appellee,
v.
The CITY OF BOULDER; Henrylyn Irrigation District; Lower South Platte Water Conservancy District; the Ferguson Family Trust, Objectors-Appellees, and
Fort Morgan Reservoir and Irrigation Company and Jackson Lake Reservoir and Irrigation Company, Objectors-Appellees/Cross-Appellants, and
The Colorado State Engineer and the Division Engineer of Water Division No. 1., Objectors/Cross-Appellees.
No. 02SA249.
Supreme Court of Colorado, En Banc.
June 30, 2003.
*23 Hill & Robbins, P.C., David W. Robbins, Dennis M. Montgomery, Avi S. Rocklin, Denver, Colorado, Attorney for Applicant-Appellant/Cross-Appellee.
Moses, Wittemyer, Harrison and Woodruff, P.C., Veronica A. Sperling, Gabriel D. Carter, Boulder, Colorado, Attorneys for the Objectors-Appellees, City of Boulder.
Timothy R. Buchanan, P.C., Timothy R. Buchanan, Arvada, Colorado, Attorney for Objectors-Appellees/Cross-Appellants.
Ken Salazar, Attorney General, Matthew Poznanovic, Denver, Colorado, Attorneys for Objectors/Cross-Appellees, Colorado State Engineer, and Division Engineer of Water Division # 1.
Justice COATS delivered the Opinion of the Court.
The Groundwater Appropriators of the South Platte River Basin, Inc. (GASP) appealed from the water court's order imposing attorney fees as a condition for granting GASP's motion to dismiss two of its applications for conditional water rights. Opposers Ft. Morgan Reservoir and Irrigation and Jackson Lake Reservoir and Irrigation Companies cross-appealed from the water court's refusal to consider their motion to enjoin out-of-priority pumping by GASP members, in which the City of Boulder had joined at trial. Because C.R.C.P. 41(a)(2) does not authorize the imposition of attorney fees as terms and conditions for the voluntary dismissal of applications for water rights with prejudice, the Water Court's order for attorney fees is reversed; and because the injunction sought by the irrigation companies and the City of Boulder is outside the statutorily prescribed scope of a proceeding for the determination of water rights and would conflict with the purposes of such a proceeding, the water court's denial of the motion made by the irrigation companies and the City of Boulder is affirmed.

I.
This dispute arises out of several applications for water rights made by the Groundwater Appropriators of the South Platte River Basin, Inc. (GASP). GASP, an organization of owners of more than 3000 wells, filed separate applications for conditional *24 water storage rights in 1995, 1996, and 1998, which were consolidated for adjudication. Fort Morgan Reservoir and Irrigation Company, Jackson Lake Reservoir and Irrigation Company, City of Boulder, Henrylyn Irrigation District, Lower South Platte Water Conservancy District, The Ferguson Family Trust, The Colorado State Engineer, and The Division Engineer of Water Division No. 1 each filed Statements of Opposition to one or more of the applications. After moving to consolidate the three cases, GASP filed a Motion for Partial Summary Judgment, seeking a declaration that it would not be required to identify well depletions to be augmented as a prerequisite to a decree for the water storage rights requested in the three consolidated cases.
Fort Morgan Reservoir and Irrigation Company and Jackson Lake Reservoir and Irrigation Company ("the irrigation companies") filed a joint cross-motion for summary judgment, which sought a denial of GASP's application or, in the alternative, a requirement that GASP identify potential depletions and submit augmentation plans. In addition, it sought a mandatory injunction on GASP members' out-of-priority pumping, which was permissible under a "temporary" substitute supply plan that was approved by the state engineer in 1972.[1] Boulder joined in the motion in its entirety. The state and division engineers opposed the irrigation companies' cross-motion for a mandatory injunction and filed a brief to that effect.
The water court granted GASP's motion for partial summary judgment and denied the cross-motion submitted by the irrigation companies and Boulder, indicating that "[t]he legality of the GASP temporary substitute supply plan, as annually approved by the state engineer, is not properly at issue in these applications nor a proper subject of this motion."
Approximately one month before trial, GASP filed a motion to dismiss, with prejudice, the applications that it had filed in 1995 and 1996. The state and division engineers joined in the motion to dismiss. The irrigation companies and Boulder argued that the motion should be granted only if it included certain terms and conditions, including an order that GASP pay the attorney fees related to their opposition to the two applications at issue. The water court granted GASP's motion but ordered GASP to pay that portion of the irrigation companies' and Boulder's costs and attorney fees that was related to their opposition to the two sites after June 30, 1998. At the same time, the water court denied the request made by the irrigation companies and Boulder that it retain jurisdiction to determine the issues pertaining to the legality of the temporary substitute supply plan and their concomitant request for a mandatory injunction.
GASP appealed the water judge's award of attorney fees in favor of the irrigation companies and Boulder. The irrigation companies cross-appealed the water court's refusal to address the legality of the GASP temporary substitute supply plan as part of this case.

II.
In its orders imposing attorney fees and denying GASP's motion to reconsider, the water court made clear that it considered itself to be exercising discretion afforded it by C.R.C.P. 41(a)(2), to impose terms and conditions on a voluntary dismissal. It interpreted the rule to grant such discretion without regard to any finding of bad faith or unreasonableness, and without regard (at least in the case of an application for water rights) to the fact that the application was dismissed with, rather than without, prejudice. Noting that GASP was well within its rights to file on numerous projects, the court found simply that it should not be permitted to file several applications and, after determining the best alternative, dismiss the other applications "with prejudice," to avoid the imposition of attorney fees as part of the dismissal.
As this court has previously recognized, the Uniform Local Rules For All State Water Court Divisions indicate their intent that the Colorado Rules of Civil Procedure *25 apply to water court practice and procedure, "[e]xcept as expressly provided in these rules." Am. Water Dev., Inc. v. City of Alamosa, 874 P.2d 352, 381 (Colo. 1994) (AWDI)(quoting introductory note preceding the rules). Similarly, the civil rules limit themselves from governing the "procedure and practice in any special statutory proceeding insofar as they are inconsistent or in conflict with the procedure and practice provided by the applicable statute." C.R.C.P. 81(a). Although an application for a water right is clearly a special statutory proceeding, see § 37-92-302, 10 C.R.S. (2002), to which the rules governing practice and procedure in water courts apply, this court has expressly rejected "the contention that C.R.C.P. 41(a)(2) does not apply to water rights adjudications." AWDI, 874 P.2d at 381 (finding no express conflict or contradiction in § 37-92-203(1)(b)'s relaxation of traditional standing requirements for water rights opposers or Rule 5(b)'s specific provisions for voluntary dismissals of applications for water rights).
Although our holding in AWDI involved the imposition of attorney fees as a condition of granting a voluntary dismissal without prejudice pursuant to C.R.C.P. 41(a)(2), the rationale for our holding foreshadowed our resolution of dismissal with prejudice as well. There we found helpful a body of federal precedent interpreting the virtually identical federal rule. AWDI, 874 P.2d at 378. The federal authorities interpreting the rule uniformly reject any construction that would authorize the imposition of attorney fees, in the absence of bad faith, upon dismissal with prejudice. See, e.g., Cauley v. Wilson, 754 F.2d 769, 772 (7th Cir.1985)("Fees are not awarded when a plaintiff obtains a dismissal with prejudice ....")(emphasis in original); Colombrito v. Kelly, 764 F.2d 122, 133-34 (2nd Cir.1985) (attorney fees not available when dismissal is with prejudice under Federal Rule 41(a)(2) without "statutory authorization" or "exceptional circumstances"); see generally 8 James Wm. Moore, et al., Moore's Federal Practice § 41.40[10][d][viii][Costs Inappropriate if Dismissal is With Prejudice] at pp. 41-168 ("An award of costs and attorney's fees should be denied if the voluntary dismissal is granted with prejudice, since the defendant is not confronted with the future risk of litigation.").
In rejecting an assertion that attorney fees, even for a dismissal without prejudice pursuant to rule 41(a)(2), should be limited to cases involving frivolous, groundless, or vexatious actions, see § 13-17-102, 5 C.R.S. (2002), AWDI emphasized the vastly different purposes of the rule and the statute. We characterized rule 41(a)(2), rather than punishment for the plaintiff, as providing "a means for preserving a potentially meritorious claim for another day or another forum provided that conditions of dismissal [could] be devised to protect the defendants from prejudice." AWDI, 874 P.2d at 380. We relied on various federal authorities, noting their characterization of the terms and conditions imposed pursuant to the rule as the quid pro quo of allowing the plaintiff to dismiss a potentially meritorious claim without being prevented by the doctrine of res judicata from bringing the same suit again, see McCall-Bey v. Franzen, 777 F.2d 1178, 1183-86 (7th Cir.1985), and as allowing the plaintiff to withdraw his action from the court "without prejudice to future litigation." LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 604 (5th Cir.1976). On the other hand, we not only found that section 13-17-102 was intended to punish plaintiffs for frivolous, groundless, or vexatious actions, but also that it was actually "intended to protect a plaintiff from imposition of attorney fees upon dismissal of an unmeritorious claim provided that the plaintiff seeks dismissal promptly after learning that the claim cannot prevail." AWDI, 874 P.2d at 380.
For virtually all of the reasons we gave for interpreting C.R.C.P. 41(a)(2) to authorize an award of attorney fees as a condition of dismissal without prejudice, the rule cannot be understood to authorize attorney fees as a condition of dismissal with prejudice. A dismissal with prejudice does not circumvent the limitations of res judicata or afford any advantage for which attorney fees are the "quid pro quo." The plaintiff is barred from future litigation of the same issues to the same extent as would be the case if he had proceeded to adverse judgment. *26 And if a plaintiff were subject to attorney fees despite moving to dismiss with prejudice upon determining that his claim was no longer meritorious, there would be little incentive in moving to dismiss rather than proceeding to some other resolution. Like the corresponding federal rule, C.R.C.P. 41(a)(2) does not provide a separate basis for imposing attorney fees as a condition of dismissing an action with prejudice.
Nor does the unique nature of the special statutory proceeding for water rights determinations prevent, in fact any more than in law, a dismissal with prejudice. Proceedings for the determination of water rights are in no way exempt from the application of res judicata-related doctrines, which have been expressly acknowledged as important for the stability and reliability of Colorado water rights. See Williams v. Midway Ranches Prop. Owners' Ass'n, 938 P.2d 515, 525 (Colo.1997); see also Farmers High Line Canal v. City of Golden, 975 P.2d 189, 200 (Colo.1999). As with other civil actions, a dismissal of a water rights application with prejudice operates to resolve any necessary facts pled by the applicant, against it. See Lake Meredith Reservoir Co. v. Amity Mut. Irr. Co., 698 P.2d 1340, 1343, n. 4 (Colo.1985)(dismissal with prejudice "resolved the matter on the merits"). While the same applicant may apply again in the future for rights to water from the same source, it may be barred from asserting its current claim of appropriation, or any priority based on the date of that appropriation. Cf. Southeastern Colorado Water Conservancy Dist. v. Twin Lakes Assocs., Inc., 770 P.2d 1231, 1238 (Colo.1989)("If the former owner of an abandoned water right initiates a new appropriation, the priority of the new water right will be based on the date of the new appropriation.").
Should the legislature determine that multiple applications for conditional water rights, followed by dismissal of some of them, impose an unfair burden on opposers, it is certainly capable of creating additional exceptions to the general rule requiring parties to pay their own attorney fees. See generally Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975)("In the United States, the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser."); Allstate Ins. Co. v. Huizar, 52 P.3d 816, 819 (Colo.2002). Rule 41(a)(2), however, does not authorize the imposition of attorney fees as a condition for granting a motion to dismiss with prejudice an application for water rights, any more than other kinds of actions.

III.
In conjunction with a cross-motion for summary judgment, the irrigation companies and Boulder challenged the temporary substitute supply plan approved by the state engineer in 1972 and moved to enjoin GASP members from extracting water pursuant to the plan. The water court denied the motion as unrelated to the pending application, noting that the irrigation companies and Boulder could bring a separate action pursuant to C.R.C.P. 65. In its subsequent ruling on GASP's motion to dismiss, the water court also rejected the assertion made by the irrigation companies and Boulder that their request for injunctive relief constituted a pending counterclaim, over which the court was required to retain jurisdiction, according to the provisions of C.R.C.P. 41(a)(2).
While C.R.C.P. 41(a)(2) is not inconsistent with the special statutory proceeding created by section 37-92-302, and therefore is not rendered inapplicable by C.R.C.P. 81, see AWDI, 874 P.2d 352, the same cannot be said for the counterclaim for injunctive relief made by the irrigation companies and Boulder. Applications for water rights can be adjudicated only in the manner prescribed by section 37-92-302, in designated courts of limited jurisdiction and according to unique rules of practice and procedure. Rather than resolving claims against other individuals, the adjudication of water rights has as its object the confirmation of pre-existing rights, see City of Lafayette v. New Anderson Ditch Co., 962 P.2d 955, 960 (Colo.1998), and the establishment of priority dates that can be enforced against any other user. Shirola v. Turkey Canon Ranch Ltd. Liab. Co., 937 P.2d 739, 744 (Colo.1997). A determination of water rights is therefore initiated by filing *27 an application, with requirements that are highly tailored to its purpose, rather than a complaint; and the publication and mailing by the water clerk of a statutorily prescribed "resume," rather than service of process on any designated opposing parties. Most importantly, however, the statute specifies the scope of this special proceeding. It describes in detail what is included within the term "determination of a water right or conditional water right," see § 37-92-302(1)(a), and what may be pled in a statement of opposition. A statement of opposition may set forth "facts as to why the application should not be granted or why it should be granted only in part or on certain conditions." § 37-92-302(1)(b). In light of the very specialized pleadings created for this statutory proceeding and the detailed allocation of responsibilities among the parties, engineer, referee, and water court in adjudicating water rights, see §§ 37-92-302 through 305, it is clear that the legislature has tailored a special proceeding for essentially one purpose.
The jurisdiction of water judges over all water matters, see § 37-92-203, 10 C.R.S. (2002), extends well beyond the special statutory proceedings for determination of water rights. See, e.g., Bd. of County Com'rs v. Park County, 45 P.3d 693 (Colo. 2002); Crystal Lakes Water & Sewer Ass'n v. Backlund, 908 P.2d 534 (Colo.1996); Oliver v. Dist. Court, 190 Colo. 524, 549 P.2d 770 (1976). As already noted, the rules of civil procedure, including those providing for counterclaims and injunctive relief, generally apply to water court practice and procedure. See, e.g., Empire Lodge Homeowners' Assn. v. Moyer, 39 P.3d 1139 (Colo.2001)(adjudicating counterclaim for injunctive relief in an action for declaratory and injunctive relief within the water court's jurisdiction). The applicability of the civil rules to the special statutory proceeding defined by section 37-92-302, is, however, necessarily more limited. Unlike civil rules that fill gaps in the practice and procedures specified by the statute, the rules that the irrigation companies and Boulder seek to apply would expand, virtually without limit, the water matters that could be litigated in this special statutory proceeding.
The incongruity that would often result from applying the civil rules, without limitation, to special statutory proceedings is acknowledged by the rules themselves. Rule 81(a) expressly limits the applicability of the rules insofar as they are inconsistent or in conflict with the practice or procedure provided by statute for a special proceeding. We have often held specific rules inapplicable to particular special statutory proceedings because their application would be inconsistent with the purposes of those proceedings. See, e.g., Colorado River Water Conservation Dist. v. Rocky Mountain Power Co., 174 Colo. 309, 486 P.2d 438 (1971), cert. denied, 405 U.S. 996, 92 S.Ct. 1245, 31 L.Ed.2d 465 (1972) (Rule 59 inconsistent with procedures for filing "objections and exceptions" to a water adjudication ruling); T & S Leasing, Inc. v. District Court, 728 P.2d 729 (Colo. 1986)(C.R.C.P. 106 not applicable to review of hearing officer's interim order where relief available under Administrative Procedure Act).
However the motion to enjoin GASP members would be most appropriately characterized, within the scheme of the civil rules, and whether or not it would be properly considered as raised, even in a typical civil action, it clearly involved matters and requested relief beyond the scope of a determination of water rights, pursuant to section 37-92-302. Any civil rules authorizing such a motion or claim were therefore inapplicable, and the water court properly denied the motion without consideration.

IV.
Because C.R.C.P. 41(a)(2) does not authorize the imposition of attorney fees as terms and conditions for the voluntary dismissal of applications for water rights with prejudice, the Water Court's order for attorney fees is reversed; and because the injunction sought by the irrigation companies and the City of Boulder is outside the statutorily prescribed scope of a proceeding for the determination of water rights and would conflict with the purposes of such a proceeding, the water court's denial of the motion made by the *28 irrigation companies and the City of Boulder is affirmed.
NOTES
[1] We addressed the state engineer's authority to unilaterally grant temporary approval of replacement plans in Simpson v. Bijou Irrigation Co., 69 P.3d 50 (Colo.2003).