**In Re: Plaintiff: ENVIROTEST SYSTEMS, CORP., a Delaware Corporation,**

v.

**Defendant: COLORADO DEPARTMENT OF REVENUE, a Governmental Agency of the State of Colorado.**

No. 04SA376.

Supreme Court of Colorado, En Banc.

March 28, 2005.

John W. Suthers, Attorney General, Carolyn Lievers, Assistant Attorney General, Department of Revenue, Business & Licensing Section, Denver, for Plaintiff.

Hale Friesen, LLP, Allan L. Hale, Amanda A. Bradley, Denver, for Defendant.

HOBBS, Justice.

In this original proceeding under C.A.R. 21, we issued a rule to show cause why the district court's temporary restraining order issued during an ongoing Department of Revenue administrative proceeding should not be vacated.

We now make the rule absolute. We hold that the district court lacked authority to issue injunctive relief regarding a hearing officer ruling made during an ongoing administrative hearing on fines levied against Envirotest Systems, Corp. (Envirotest).

## I.

Envirotest conducts motor vehicle emissions testing services for the State of Colorado, pursuant to contract. The Department of Revenue levied $833,200 in fines against Envirotest for violations of regulatory requirements allegedly committed by its inspection testing agents. Envirotest challenged the fines.

The assigned Department of Revenue hearing officer ordered briefing on disputed legal issues in the case and made legal determinations. The hearing officer rejected Envirotest's contention that statutes, regulations, and contracts limited the Department of Revenue to assessing only one fine for each vehicle emissions test, despite the discovery of multiple violations per test.

The hearing officer then scheduled a hearing on whether the violations actually occurred. Envirotest requested subpoenas of numerous witnesses whose testimony it intended to present at the hearing. The hearing officer refused to issue approximately half of the requested subpoenas on the basis that the testimony to be obtained by Envirotest from these witnesses was irrelevant and inadmissible in light of the hearing officer's legal rulings.

Envirotest filed exceptions to the hearing officer's order with the Executive Director and then immediately filed a complaint for injunctive relief in the District Court for the City and County of Denver. Envirotest argued that the hearing officer had improperly refused to issue the subpoenas and was biased against Envirotest.

Ruling that Envirotest had presented a prima facie case that the hearing officer abused her discretion in refusing to issue the subpoenas, the district court restrained the agency from proceeding with its administrative hearing and set a preliminary injunction hearing.

The Department of Revenue then filed its C.A.R. 21 petition with us, asserting that the district court lacked authority to issue the temporary restraining order because final agency action had not occurred. We agree, make the rule absolute, vacate the temporary restraining order, and direct the district court to dismiss Envirotest's complaint for review and injunctive relief.

## II.

We hold that the district court lacked authority to issue injunctive relief regarding a hearing officer ruling made during an ongoing administrative hearing on fines levied against Envirotest.

### A. The State Administrative Procedure Act

The Colorado Administrative Procedure Act (APA), sections 24–4–101 to 108,

C.R.S. (2004), governs this case. The APA reflects concern for separation of powers by requiring parties involved in administrative proceedings to exhaust their administrative remedies before seeking judicial review. *State Personnel Bd. v. Dist. Court,* 637 P.2d 333, 335 (Colo.1981); *see also* § 24–4–106(2), C.R.S. (2004)("Final agency action under this or any other law shall be subject to judicial review as provided in this section. ...").[1]

■ Generally, under the APA and exhaustion of remedies principles, courts will not review or grant relief in regard to any aspect of administrative proceedings until the agency has taken final action. *Colo. Health Facilities Review Council v. Dist. Court In and For City and County of Denver,* 689 P.2d 617, 621 (Colo.1984).

■ The exception to this rule is stated in section 24–4–106(8). For a district court to intervene, the agency proceeding or action must clearly exceed the constitutional or statutory jurisdiction or authority of the agency and the party seeking to enjoin the proceedings must show that the agency action will cause irreparable injury. Section 24–4–106(8) states:

> Upon a showing of *irreparable injury,* any court of competent jurisdiction may enjoin at any time the conduct of any agency proceeding in which the proceeding itself or the action proposed to be taken therein is *clearly beyond the constitutional or statutory jurisdiction or authority of the agency.*

(emphasis added).

Unless the requirements of section 24–4–106(8) are met, interlocutory judicial review of an issue presented in the agency proceeding encroaches on the executive function; thus, courts otherwise will not interfere with ongoing agency proceedings until they are finalized. *T & S Leasing v. Dist. Court,* 728 P.2d 729, 731 (Colo.1986); *see also State Personnel Bd.,* 637 P.2d at 337 (agency's action is entitled to a presumption of validity and constitutionality).

## B. Application to this Case

■ Because Envirotest's district court action did not meet the requirements of section 24–4–106(8), the district court should have dismissed it.

Envirotest's complaint in the district court sought to challenge a ruling entered in the midst of administrative proceedings designed to review the levied fines and address Envirotest's challenges. The opening line of Envirotest's complaint for injunctive relief in the district court plainly states that Envirotest seeks judicial relief ordering the hearing officer to follow "proper procedures for conducting an administrative hearing."

> Envirotest is invoking the statutory and equitable power of the District Court, as a Court of general jurisdiction, to force the CDOR, a governmental agency of the State of Colorado, to follow proper procedures for conducting an administrative hearing on alleged violations under a state contract.

The complaint then proceeds to recite a litany of legal arguments against the hearing officer's determinations of law. Envirotest alleges hearing officer prejudice based on the contents of the pre-hearing order regarding legal issues and the hearing officer's refusal to issue certain subpoenas. It contends that the hearing officer's bias and refusal to issue all of the requested subpoenas for witness testimony and documents violated its contractual, statutory, and due process rights.

Under section 42–4–305(3), C.R.S. (2004), of the Department of Revenue statute, the APA provisions for administrative review apply to Envirotest's challenge to the assessed fines. When the hearing officer has completed the hearing and made the requisite findings of fact, conclusions of law, and order constituting the initial agency decision under section 24–4–105(14), C.R.S. (2004), Envirotest may appeal that decision to the agency under section 24–4–105(14) and (15). When the agency action becomes final under section 24–4–105(15) for purposes of section 24–

---

1. Requiring exhaustion of administrative remedies allows agencies to develop the factual record upon which the agency and subsequent reviewing courts may base their decisions, promotes administrative efficiency, and preserves the autonomy of the agency. *City and County of Denver v. United Air Lines, Inc.,* 8 P.3d 1206, 1212–13(Colo.2000).

4–106(2), then the district court has authority to review the agency action.

Here, the agency proceedings were ongoing. Envirotest's claims and arguments are not cognizable except on judicial review of final agency action. Because Envirotest had not yet exhausted its administrative remedies, there was no final agency action to be reviewed under section 24–4–106.

In the administrative proceedings, the Department of Revenue has authority to determine the validity of fines imposed on Envirotest, and the hearing officer has authority to rule on issues of procedural and substantive law in the course of the proceeding. *See* § 42–4–305(2), C.R.S. (2004)(executive director of Department of Revenue shall supervise the activities of licensed inspection and readjustment stations); § 42–4–313(4)(c), C.R.S. (2004)("Pursuant to the [APA] the executive director shall impose administrative fines in amounts set by the executive director. ... "); § 24–4–105(4)(hearing officer has authority to regulate course of the hearing).

Envirotest could not show that it would suffer irreparable harm from the hearing officer's rulings because the APA provides an adequate remedy for district court review of the agency's final action. On judicial review, Envirotest could argue, as it does now, that the agency denied it a statutory right under section 24–4–106(7) to all the requested subpoenas. Such a determination of statutory construction, which is a question of law even with deference to the agency's interpretation, *see* 1 Colo.Code Regs. § 204–19 (1998), would be subject to the interpretation of the district court de novo. *See, e.g., Lobato v. Indus. Claim Appeals Office,* 105 P.3d 220, 223 (Colo. 2005); *see also Coffman v. Colo. Common Cause,* 102 P.3d 999, 1005 (Colo. 2004) ("Even though an agency construction of a statute should be given appropriate deference, its interpretation is not binding. . . ."). The district court could then ensure that Envirotest received whatever statutory procedure it is guaranteed. The issue of whether subpoena issuance under the APA is discretionary or mandatory is not properly before us, and we need not decide it. If the agency's decision not to issue all of the requested subpoenas is in error, it can be corrected on appeal following final agency action.

In summary, the section 24–4–106(8) exception does not apply to this case. There was no irreparable harm from the hearing officer's legal and subpoena rulings because an adequate remedy exists under the APA to review the agency's final action. The agency also was not acting outside of its statutory and constitutional framework. *See State Personnel Bd.,* 637 P.2d at 337; *Colo. Health Facilities Review Council,* 689 P.2d at 623.

Accordingly, we conclude that the district court did not have authority to entertain injunctive relief and therefore it should have dismissed Envirotest's complaint.

Envirotest's attempt to posit the declaratory judgment provisions of C.R.C.P. 57 as an alternative to the APA to serve as the basis for district court jurisdiction cannot succeed in light of the APA's specific requirement for finality of agency action and exhaustion of administrative remedies prior to judicial review. Where, as here, the provisions of the APA provide a claimant with adequate remedies, in particular section 24–4–106(7), the provisions of C.R.C.P. 57 are inapplicable. *See Jeffrey v. Colorado State Dep't of Soc. Servs.,* 198 Colo. 265, 274, 599 P.2d 874, 881 (Colo.1979); *Purcell v. Colorado Div. of Gaming,* 919 P.2d 905, 907 (Colo.App.1996).

### III.

Accordingly, we make the rule absolute, vacate the district court's temporary restraining order, and order the district court to dismiss Envirotest's complaint.