No. 25337

Banking Board of the State of Colorado and Harry Bloom, State Bank Commissioner of the State of Colorado, Ronald D. Allred, Bruce A. Johnson, Gilbert E. Johnson, James C. Berger, Daniel E. Quigley, Applicants for a commercial bank charter to be known as First Bank of America v. District Court in and for the City and County of Denver, State of Colorado, Honorable Joseph Lilly, District Court Judge

(492 P.2d 837)

Decided January 17, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Del J. Ellis, Assistant for Colorado State Banking Board and Harry Bloom, the Colorado State Bank Commissioner.

Raymond L. Wilder, for applicants, petitioners.

Van Cise, Freeman, Tooley & McClearn, Dale Tooley, for respondents.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This is an original proceeding by which the Banking Board of Colorado, hereinafter referred to as board, and certain applicants for a commercial bank charter, seek a writ prohibiting the Denver District Court from acting so as to prevent the board from holding a hearing in the execution of its duties under C.R.S. 1963, Ch. 14.

The board scheduled a public hearing pursuant to section

14-9-10(3), *supra,* for October 28, 1971, to consider applicants' application. The Northern National Bank, hereinafter referred to as Northern, indicated its intent to appear before the board in opposition to the granting of the application, and requested a continuance of the hearing date, asserting that it needed more time to hire counsel and for preparation. The postponement was denied.

On October 26, 1971, a hearing was held before the district court, apparently pursuant to either C.R.C.P. 65 and 106, or 1969 Perm. Supp., C.R.S. 1963, 3-16-5(4) and C.R.S. 1963, 14-2-7, wherein Northern sought to restrain the board from holding the October 28th hearing. At the conclusion of the testimony, the court stated that it would grant the restraining order and continue the matter until December 15, 1971, for hearing. To obviate the formality of preparing and signing an appropriate order, and apparently to save time, the court thereafter requested that the Bank Commissioner and Northern "get together and prevent the Court from having to issue an order on this thing." Consequently, a stipulation was entered into whereby the October 28th hearing was reset for December 15th. This stipulation was then approved by the court. The determinative question is whether the district court had jurisdiction to grant a restraining order as sought by Northern.

We hold that the district court had no authority to act in any manner so as to prevent the board from holding its hearing as originally scheduled. *See People ex rel. Heckers v. District Court,* 170 Colo. 533, 463 P.2d 310 (1969); *People ex rel. Orcutt v. District Court,* 167 Colo. 162, 445 P.2d 887 (1968) and *Board v. District Court,* 138 Colo. 227, 331 P.2d 502 (1958), wherein under similar circumstances this court held the district court's action to be a *direct and unjustified judicial interference* with a function properly delegated to the executive branch of our government. Rule 106 limits the issuance of orders in the nature of prohibition to cases where an inferior tribunal has exceeded its jurisdiction or abused its discretion in exercising judicial or quasi-judicial functions, and where there is no plain, speedy, or adequate remedy.

*Orcutt v. District Court, supra.* In the instant case, the board was merely attempting to perform its statutory duty of determining whether to grant or deny a charter. C.R.S. 1963, 14-9-10. The board, consequently, unquestionably had jurisdiction to set the hearing date. Determination by the district court that a hearing should be held on some other date is usurpation of the board's prerogative. Compare *Orcutt v. District Court, supra,* with section 14-9-10(3)(2) *supra,* and C.R.C.P. 106. Northern has a plain, speedy and adequate remedy by appeal under 1969 Perm. Supp., C.R.S. 1963, 3-16-5(4) and C.R.S. 1963, 14-2-7 (*see* 1969 Perm. Supp., C.R.S. 1963, 3-16-6), to contest the lawfulness of the procedures followed and actions taken by the board. Judicial interference at the stage of the administrative process here involved, however, is premature.

 Northern asserts that the action below was in reality a review of the board's refusal of Northern's request for an extension pursuant to 1969 Perm. Supp., C.R.S. 1963, 3-16-5(4). The statement of the proposition reveals the absurdity of such an assertion in the light of the relief sought. By review the court would have been limited to affirm or reverse the board's action. Yet the board had taken no action at that stage. Affirmative relief by injunction and the setting of a new date for the board is beyond the scope of the reviewing function of the district court. To conclude otherwise would afford opportunity for constant delay of the administrative process for the purpose of reviewing mere procedural requirements since the section provides a period of 60 days within which to seek review. We may not construe a statute so as to lead to absurdities, if avoidable. *Board v. Union Pac. Ry. Co.,* 89 Colo. 110, 299 P. 1055 (1931).

" 'The ultimate test of reviewability is not to be found in an overrefined technique [thoughtless labeling of action as "final" or "interlocutory"] but in the need of review to protect from *irreparable injury* threatened in the exceptional case by administrative rulings which attach legal consequences to action taken in advance of other hearings and adjudications that may follow. . . .' " *Isbrandtsen Co. v. United States,* 211

F.2d 51 (1954), *cert. denied* 347 U.S. 990, 74 S.Ct. 852, 98 L.Ed. 1124 (1954), quoting *Columbia Broadcasting Sys. v. United States,* 316 U.S. 407, 62 S.Ct. 1194, 86 L.Ed. 1563 (1942) (Emphasis added.)

Because the lower court was without jurisdiction, "all orders entered in the action before it are null and void and should be vacated." *Avery v. County Court,* 126 Colo. 421, 250 P.2d 122 (1952). Thus, the stipulation between counsel for the board and counsel for Northern under the mistaken belief that the court had jurisdiction over the matter was a nullity. The record reveals counsel for the board entered into the stipulation at the suggestion of the district court *after* that court stated that it was disposed to grant Northern the temporary restraining order. Since an order to the board to re-set the matter would have been void if entered, recognition of the in-court stipulation agreeing to a new hearing date would, in effect, permit the court to do indirectly that which it cannot do directly. *Denver v. Sheriff,* 105 Colo. 193, 96 P.2d 836 (1939).

The rule is made absolute.

MR. CHIEF JUSTICE PRINGLE not participating.