Edward F. COP, Jr., Plaintiff-Appellee,

v.

Alan N. CHARNES, Executive Director of the Department of Revenue, Motor Vehicle Division, State of Colorado, Defendant-Appellant.

No. 86CA0303.

Colorado Court of Appeals,
Division I.

May 14, 1987.

Marc P. Mishkin, Denver, for plaintiff-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Richard T. Hill, Asst. Atty. Gen., Denver, for defendant-appellant.

VAN CISE, Judge.

In this driver's license revocation proceeding, the Department of Revenue (department) appeals the judgment entered by the district court in which it ordered reinstatement of Edward F. Cop's driver's license. We reverse.

Following his arrest on December 19, 1984, on charges of careless driving and driving while under the influence of intoxicating liquor, Cop agreed to submit to an intoxilyzer breath test. The test results showed .170 grams of alcohol per 210 liters

of breath. After a hearing on March 5, 1985, Cop's license was revoked for one year.

Seeking review of the revocation, Cop filed a complaint and motion for stay in the Arapahoe County District Court on April 2 and mailed a copy to the district attorney. On April 10, the district attorney entered his appearance on behalf of the department and filed a brief in opposition to a stay. On May 2 the stay was granted.

On May 8, Cop requested a transcript of the March 5 revocation hearing. By that time, however, the hearing tapes had been destroyed pursuant to the agency's policy to destroy or reuse tapes 60 days after the hearing. Therefore, no transcript was available.

The department was not served with a copy of the complaint until May 16. On June 10, an answer was filed on its behalf by the district attorney. Attached to the answer was a copy of the records the department had pertaining to this revocation proceeding.

Based on the lack of a transcript, the department moved for dismissal of Cop's complaint and Cop moved for judgment reinstating his driver's license.

At the oral argument on the motions, the following colloquy occurred:

"The Court: Why didn't you order the transcript?.

"[Cop's counsel]: ... In the course of this proceeding we don't know if a stay is going to be issued, and if a stay is not issued, then the ordering of a transcript—then the plaintiff may or may not proceed further because—

"The Court: You mean the whole filing of a complaint, the basis of it, is simply to get a temporary stay?

"[Cop's counsel]: No, sir.

"The Court: Then you should have ordered the transcript, shouldn't you?

"[Cop's counsel]: We did order it.

"The Court: When?

"[Cop's counsel]: Immediately upon being advised by the court that its stay had issued.

"The Court: That was 60 days after, though; at least 60 days have gone by.

"[Cop's counsel]: Yes, sir; that's correct."

Counsel then argued that, by entering a general appearance on April 10, the department was on notice that the revocation was being appealed and at that time should have required the tape be held and not be destroyed or reused.

The court denied the department's motion for dismissal and granted Cop's motion for judgment, ordering his license to be reinstated. Although the court refused to make findings or enter a written order, the apparent basis for the judgment was that no transcript of the revocation hearing could be prepared.

On appeal, the department contends that the district court erred in granting Cop's motion when the court's role in this proceeding was limited to that of review of the agency's decision. We agree.

Under § 42-2-122.1(9)(b), C.R.S. (1984 Repl. Vol. 17), review by the district court "shall be on the record without taking additional testimony." The record includes "the original or certified copies of all pleadings, applications, evidence, exhibits, and other papers presented to or considered by the agency, rulings upon exceptions, and the decision, findings, and action of the agency." Section 24-4-106(6), C.R.S. (1982 Repl. Vol. 10).

"[T]he record specified in the statute does not include a transcript of the proceedings." *Harris v. District Court,* 655 P.2d 398 (Colo.1982). "However, if the petition for judicial review raises issues of an evidentiary nature [as here], the petitioning party has the obligation of submitting to the district court those portions of the evidence that are essential to a meaningful review of the issues raised in the petition." *Schaffer v. District Court,* 719 P.2d 1088 (Colo.1986).

If, as here, the hearing tapes have been destroyed and cannot be transcribed for review, Cop may ask the court to determine the circumstances of the destruction. *People v. District Court,* 200 Colo. 65, 612 P.2d 87 (1980).

"If the court finds ... that the recording was destroyed pursuant to routine ad-

ministrative practice, it must limit its review ... to the materials which were submitted to the court by the department on [June 10, 1985]. Alternately, the evidence before the [district] court may show that spoliation of the recording has occurred, *i.e.*, that: (a) the tape recording in question was in existence and in the control of the department; (b) the recording would have been admissible, after transcription, as part of the record in an action for judicial review ...; and (c) the department destroyed the recording intentionally, for the purpose of preventing its transcription and production on judicial review. If the [district] court determines that spoliation has occurred, it must entertain a rebuttable presumption that, had the recording been properly transcribed and submitted for review, it would have supported the factual allegations [of the driver that the hearing results were defective]." *People v. District Court, supra.*

Section 42–2–122.1(9)(b), C.R.S. (1984 Repl. Vol. 17) provides that the department's decision may be reversed only if the reviewing court "finds that the department exceeded its constitutional or statutory authority, made an erroneous interpretation of the law, acted in an arbitrary and capricious manner, or made a determination which is unsupported by the evidence in the record." This calls for specific findings based on the court's review of the record. The absence of a transcript, standing alone, does not meet the statutory review requirements as a basis for reversal.

The judgment is reversed, and the cause is remanded to the district court with instructions to vacate the judgment, determine the circumstances in which the tape recording was destroyed, review the record before it, and affirm or reverse the department's order pursuant to § 42–2–122.-1(9)(b), C.R.S. (1984 Repl. Vol. 17).

PIERCE and BABCOCK, JJ., concur.