STATE of Colorado, DEPARTMENT OF REVENUE, MOTOR VEHICLES DIVISION, HEARINGS SECTION, Petitioner,

v.

DISTRICT COURT, In and For the CITY AND COUNTY OF DENVER, Respondent.

No. 95SA248.

Supreme Court of Colorado, En Banc.

Dec. 18, 1995.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Paul Farley, Deputy Attorney General, Larry A. Williams, First Assistant Attorney General, Clifton D. Hypsher, Assistant Attorney General, State Services Section, Denver, for Petitioner.

Wollrab and Associates, P.C., James C. Wollrab, Boulder, for Fred Rector and Mark Guynn.

Chief Justice VOLLACK delivered the Opinion of the Court.

In this original proceeding pursuant to C.A.R. 21, we issued a rule directing the respondent, the Denver District Court, to show cause why it should not be prohibited from enjoining driver's license revocation hearings scheduled by the Colorado Department of Revenue. Because we find that the Denver District Court was without jurisdiction to enjoin the revocation hearings, we make the rule absolute.

---

## I.

On June 10, 1995, Fred Rector was arrested in Jefferson County and charged with driving a vehicle under the influence of alcohol in violation of section 42–4–1301, 17 C.R.S. (1995 Supp.).[1] Subsequent to his arrest, Rector received a notice of revocation of his driver's license. On June 15, 1995, Rector requested an administrative hearing regarding the revocation of his driver's license pursuant to section 42–2–126(8)(a), 17 C.R.S. (1995 Supp.). The Motor Vehicle Division (the Division) then sent Rector a notice setting his administrative hearing for August 10, 1995.

On June 25, 1995, Mark Guynn was arrested in Boulder County and charged with driving a vehicle under the influence of alcohol in violation of section 42–4–1301, 17 C.R.S. (1995 Supp.). Subsequent to his arrest, Guynn received a notice of revocation of his driver's license. On June 30, 1995, Guynn requested an administrative hearing regarding the revocation of his driver's license pursuant to section 42–2–126(8)(a), 17 C.R.S. (1995 Supp.). The Division then sent Guynn a notice setting his administrative hearing for August 15, 1995.

On July 27, 1995, both Rector and Guynn (the "licensees") filed Motions for Injunctive Relief in district court, requesting that the court enjoin the Division from proceeding with the August 10 and August 15 revocation hearings and order that hearings not be reset until they are scheduled with the licensees' attorney. The district court subsequently issued an order (1) enjoining the Division from proceeding with Rector's revocation hearing on August 10, 1995, (2) staying Rector's driver's license and privilege to operate a motor vehicle pending judicial review of his case, and (3) directing that Rector's revocation hearing be rescheduled for a date on or before August 17, 1995. The district court also issued an order (1) enjoining the

Division from proceeding with Guynn's revocation hearing on August 15, 1995, (2) staying Guynn's driver's license and privilege to operate a motor vehicle pending judicial review of his case, and (3) directing that Guynn's revocation hearing be rescheduled for a date on or before August 18, 1995. As a result of these orders issued by the district court, the Division filed a petition with this court for a writ of prohibition, requesting that this court issue an order prohibiting the district court from enjoining the aforementioned revocation hearings. Pursuant to the Division's petition, we issued a rule to show cause.

## II.

The Division argues that the district court acted outside of its jurisdictional limits by altering the hearing dates set by the Division.[2] We agree with the Division.

Section 42–2–126, 17 C.R.S. (1995 Supp.), provides the proper procedures for administrative and judicial review of actions taken by the Division. With respect to administrative review, section 42–2–126(8), 17 C.R.S. (1995 Supp.), provides:

> (a) Any person who has received a notice of revocation may make a written request for a review of the department's determination at a hearing . . . .
>
> . . . .
>
> (e)(I) The hearing shall be scheduled to be held as quickly as practicable but not more than sixty days after the day that the request for a hearing is received by the department. . . .

With respect to judicial review, section 42–2–126(10), 17 C.R.S. (1995 Supp.), provides:

> (a) Within thirty days of the issuance of the *final determination* of the department under this section, a person aggrieved by the determination shall have the right to file a petition for judicial review in the

---

1. We note here that on November 13, 1995, counsel for party in interest Fred Rector filed a document notifying the court of Rector's death on October 12, 1995. Because Rector is not a party to the action before this court, and because Guynn is still a party in interest with respect to this action, we shall proceed to adjudicate this case.

2. Rector and Guynn, arguing on behalf of the district court as parties in interest, address in their response to this court's order to show cause the substantive merits of their complaint before the district court. That complaint is not before this court.

district court in the county of the person's residence.

(Emphasis added.) Additionally, section 42–2–126(11), 17 C.R.S. (1995 Supp.), provides:

> The "State Administrative Procedure Act" ... shall apply to this section *to the extent it is consistent with subsections (8), (9), and (10) of this section relating to administrative hearings and judicial review.*

(Emphasis added.)

■ This section, in conjunction with the judicial review provision of the State Administrative Procedure Act, to the extent it is consistent with section 42–2–126, provides ample authority for judicial review of the Division's actions with regard to the revocation of driver's licenses based on administrative determinations. *Department of Revenue v. District Court*, 802 P.2d 473, 476 (Colo. 1990). Judicial review of the Division's actions in this regard is only available after the final determination of the Division under this section.

The common law of this state is in accord with the statutory provisions for administrative and judicial review contained in section 42–2–126. In *Banking Board v. District Court*, 177 Colo. 77, 492 P.2d 837 (1972), we held that the district court lacked jurisdiction to interfere with an administrative agency's statutory jurisdiction to set a hearing date. In that case, the Banking Board of Colorado scheduled a public hearing in order to consider the application of Northern National Bank. Subsequently, the bank petitioned the district court to restrain the Board from holding the hearing. The district court granted the relief sought by the bank and continued the matter for a hearing. We held that the district court acted outside of its jurisdictional limits by preventing the Board from holding its hearing as originally scheduled. We stated that because the relevant statutes provided the bank an adequate remedy,

> [j]udicial interference at [this] stage of the administrative process ... [was] premature.
>
> ... To conclude otherwise would afford opportunity for constant delay of the ad-

ministrative process for the purpose of reviewing mere procedural requirements....

*Id.* 492 P.2d at 838.

Our holding in *Banking Board* mandates the same result in the instant case. As did the Board, the Division here possesses statutorily conferred jurisdiction to schedule a date for the licensees' revocation hearings. The statute conferring jurisdiction upon the Division also provides for effective judicial review of the Division's administrative actions.

■ In the instant case, the Division made no final determination regarding the licensees. The Division simply set the dates for the licensees' revocation hearings. Jurisdiction to set the hearing dates is explicitly conferred upon the Division by section 42–2–126(8)(e)(I). The district court acted prematurely by reviewing action taken by the Division at this juncture. The district court thus acted outside its jurisdictional bounds by issuing the orders enjoining the Division from proceeding with the revocation hearings, staying the licensees' driver's licenses, and rescheduling the revocation hearings. Accordingly, the rule is made absolute.