Donald L. **KRIZ**, Plaintiff–Appellant,

v.

The **COLORADO DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION, and Renny Fagan, in His Capacity as Executive Director,** Defendant–Appellee.

No. 95CA0879.

Colorado Court of Appeals, Div. III.

March 21, 1996.

Walter E. Brown, III, Glenwood Springs, for Plaintiff–Appellant.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Thomas D. Fears and Lauren A. Edelstein, Assistant Attorney Generals, Denver, for Defendant–Appellee.

Opinion by Judge PLANK.

Plaintiff, Donald Lee Kriz, appeals from the district court judgment denying his challenges to two separate orders of the Department of Revenue (Department) which, respectively, revoked and suspended his driver's license. We vacate the district court judgment, and remand for the dismissal of plaintiff's complaint for lack of subject matter jurisdiction.

The record reveals the following facts. On August 17, 1994, the Department issued plaintiff an order of revocation, effective immediately, revoking his driver's license for one year pursuant to the statutory provision now codified as § 42–2–125, C.R.S. (1995 Cum.Supp.). The stated basis of the revocation order was that the Department's records indicated that "within a five year period" plaintiff "had two alcohol/drug related violations that resulted in convictions." *See* § 42–2–125(1)(g), C.R.S. (1995 Cum.Supp.).

Also on August 17, 1994, the Department issued plaintiff a separate order of suspension, also effective immediately, suspending his driver's license for one year pursuant to the provision now codified as § 42–2–127, C.R.S. (1995 Cum.Supp.). The stated basis of the suspension order was that the Department's records indicated that plaintiff had "accumulated the required number of points from conviction of traffic violations." *See* § 42–2–127(1)(a), C.R.S. (1995 Cum.Supp.).

Both of the Department's orders also stated that a hearing would be granted upon plaintiff's request. We note that, under each of the separate statutory schemes governing the Department's actions here, the Department was required to issue orders of revocation and suspension immediately upon receiving notice of such a driving record, subject to the licensee's right to request a hearing on the matter after such action has been taken. *See* §§ 42–2–125(1) & 42–2–125(4), C.R.S. (1995 Cum.Supp.) (governing such revocation actions); §§ 42–2–127(9)(a) & 42–2–127(9)(c), C.R.S. (1995 Cum.Supp.) (governing such suspension actions).

On November 28, 1994, plaintiff filed a complaint in the district court challenging the Department's orders of revocation and

suspension, alleging that he had requested a hearing in each of these matters, but that the Department had failed to conduct such hearings within 60 days of his requests.

In the district court proceedings that followed, plaintiff sought the dismissal of the administrative proceedings, the immediate reinstatement of his driver's license, and to enjoin the Department from taking any further action in these matters. As grounds, plaintiff first contended that the Department had violated an allegedly jurisdictional 60-day statutory time limit for the holding of such administrative hearings. Plaintiff also contended that, in any event, the Department's revocation and suspension actions in these matters violated his constitutional rights under double jeopardy provisions.

The district court denied plaintiff any relief, rejecting his challenges to the propriety of the Department's actions on the merits, and this appeal followed.

■ We decline to address the merits of plaintiff's contentions on appeal. Instead, because plaintiff failed to exhaust the necessary administrative remedies required prior to seeking such judicial review, we conclude that the district court lacked subject matter jurisdiction in this matter.

Here, the sole jurisdictional allegation in plaintiff's complaint was that "[t]his court has jurisdiction pursuant to C.R.S. 24–4–106, as amended." The pertinent provisions of that section of the State Administrative Procedure Act (APA) authorize the filing of an action for judicial review of final agency action in the district court within 30 days after such agency action becomes effective. *See* §§ 24–4–106(2) & 24–4–106(4), C.R.S. (1988 Repl.Vol. 10A).

■ We first note that, under each of the separate statutory schemes governing the Department's actions here, there was no 60-day deadline for the Department to hold such hearings. Indeed, there was no applicable statutory deadline here at all for the Department to conduct the requested hearings; rather, the only statutory provisions governing the time for such hearings required the Department, upon notice to the licensee, to hold such hearings "not *less* than thirty days" after receiving the hearing requests. *See* § 42–2–125(4) (revocation proceedings); § 42–2–127(9)(c) (suspension proceedings) (emphasis added).

■ The licensee is not, however, left without a remedy in the event that the Department does not timely hold such a hearing within a reasonable time. The remedies include, for example, a C.R.C.P. 106(a)(2) mandamus action or an action under the APA pursuant to § 24–4–105(10), C.R.S. (1988 Repl.Vol. 8A). Thus, plaintiff mistakenly relied on the separate and inapplicable 60-day deadline for holding a hearing set forth in the provision now codified as § 42–2–126(8)(e), C.R.S. (1995 Cum.Supp.), which was construed in *Wilson v. Hill,* 782 P.2d 874 (Colo.App.1989). Similarly, any reliance by the parties was also misplaced on another separate and inapplicable 60-day deadline for holding a hearing set forth in the provision now codified as § 42–2–127(13), C.R.S. (1995 Cum.Supp.), which was construed in *DiMarco v. Department of Revenue,* 857 P.2d 1349 (Colo.App.1993).

Most significantly, however, the provisions under each of the applicable statutory schemes authorize the filing of a district court action for judicial review of the Department's final revocation or suspension action by a licensee *only after* such a hearing has been conducted. *See* § 42–2–125(4) (revocation proceedings); § 42–2–127(9)(c) (suspension proceedings); *see also* § 42–2–135(1), C.R.S. (1995 Cum.Supp.) (authorizing licensees to seek "judicial review in accordance with § 24–4–106, C.R.S." within 30 days after the Department has "finally" revoked or suspended a license).

Thus, by filing his complaint seeking judicial review of the Department's orders prior to final action being taken by the Department in the revocation and suspension proceedings following a hearing on these matters, plaintiff initiated judicial proceedings without having exhausted the administrative remedies that constitute a precedent to any such judicial review action. *See* §§ 42–2–125(4), 42–2–127(9)(c), & 42–2–135(1); *see also* §§ 24–4–106(2) & 24–4–106(4), C.R.S. (1988 Repl.Vol. 8A).

Consequently, the district court lacked subject matter jurisdiction to review the propriety of the Department's actions in the revocation and suspension proceedings at issue, and its judgment is necessarily void. *See State v. District Court,* 908 P.2d 518 (Colo.1995) (holding that district court lacked jurisdiction to enjoin pending express consent revocation hearings under § 42–2–126, C.R.S. (1995 Cum.Supp.) and that judicial review of such revocation actions is available only after the Department's final determination following a hearing); *see also State v. Borquez,* 751 P.2d 639 (Colo.1988).

In light of this disposition, we need not address the remaining contentions of the parties.

Accordingly, the district court judgment is vacated, and the cause is remanded to that court with directions to dismiss plaintiff's complaint with prejudice for lack of subject matter jurisdiction.

NEY and ROY, JJ., concur.