939 P.2d 526 (1997)
Mark GUYNN, Plaintiff-Appellant,
v.
STATE of Colorado, DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION, The Executive Director, Renny Fagan, and Hearings Section, Chief Hearing Officer, Chuck Howe and Valerie Horowitz, Defendants-Appellees.
No. 96CA1397.
Colorado Court of Appeals, Div. III.
May 15, 1997.
*527 Wollrab & Associates, P.C., James C. Wollrab, Jr., Louisville, for Plaintiff-Appellant.
Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Clifton D. Hypsher, Assistant Attorney General, Denver, for Defendants-Appellees.
Opinion by Judge RULAND.
Plaintiff, Mark Guynn, appeals from the district court judgment affirming the revocation of his driver's license. We affirm.
Police arrested plaintiff for suspicion of driving while under the influence of alcohol. Plaintiff refused to perform roadside sobriety maneuvers and later refused to consent to alcohol testing. The Department of Revenue (Department) sent plaintiff a notice of revocation and plaintiff made a timely request for an administrative hearing. The Department scheduled the hearing well within the 60-day period required by § 42-2-126(8)(e)(I), C.R.S. (1996 Cum.Supp.).
Thereafter, plaintiff asked to change the hearing date because his attorney had a scheduling conflict. When the Department refused to reschedule the hearing, plaintiff filed a complaint in the district court and obtained an order staying and rescheduling the hearing.
In response to that order, the Department filed a petition for writ of prohibition in the supreme court. In State v. District Court, *528 908 P.2d 518 (Colo.1995), the supreme court concluded that the district court had exceeded its jurisdiction when it stayed and rescheduled plaintiff's administrative hearing.
Upon remand, the Department conducted plaintiff's revocation hearing within 60 days after reacquiring the case from the district court. At the conclusion of the hearing, the hearing officer revoked plaintiff's driver's license for one year.
Plaintiff then sought review in the district court. He argued that revocation was improper because the Department conducted the hearing more than 60 days after it received his request for a hearing. In the alternative, plaintiff argued that his revocation should be stayed until such time as he could participate in the probationary license program set forth in §§ 42-2-126(7)(a)(II) and 42-2-126.1, C.R.S. (1996 Cum.Supp.).
During the course of the review proceeding, the Department informed plaintiff that it had accidentally erased the taped transcript of the revocation hearing. Based upon this information, plaintiff requested dismissal of the proceeding and reinstatement of his driving privileges.
The trial court rejected plaintiff's arguments and affirmed the Department's revocation.

I.
Plaintiff first contends that the trial court erred in refusing to vacate the revocation order based upon the Department's destruction of the hearing transcript tape. We disagree.
Section 42-2-126(10)(b), C.R.S. (1996 Cum.Supp.) provides that the Department's revocation may be reversed only if the reviewing court "finds that the [D]epartment exceeded its constitutional or statutory authority, made an erroneous interpretation of the law, acted in an arbitrary and capricious manner, or made a determination which is unsupported by the evidence in the record." See Cop v. Charnes, 738 P.2d 1200 (Colo.App.1987)(applying identical predecessor to § 42-2-126(10)(b)).
Although review of the Department's determination calls for a review of the record, the absence of a transcript, standing alone, does not meet the statutory review requirements as a basis for reversal. See Cop v. Charnes, supra. Instead, if the hearing tapes have been destroyed and cannot be transcribed for review, plaintiff may ask the court to determine the circumstances of the destruction. If, on such request, the court finds that the Department intentionally destroyed the tape in order to avoid its use for purposes of judicial review, the court must assume that the tape would have supported the factual allegations of the driver that the hearing results were defective. People v. District Court, 200 Colo. 65, 612 P.2d 87 (1980); Cop v. Charnes, supra.
Here, plaintiff does not dispute the trial court's finding that the Department erased the tape by accident. Thus, plaintiff was not entitled to a dismissal or any favorable evidentiary presumption. See People v. District Court, supra; Cop v. Charnes, supra. Moreover, contrary to plaintiff's assertion, we do not read the holding of People v. District Court, supra, as being limited solely to circumstances in which a hearing tape is destroyed pursuant to "routine administrative practice" and prior to the institution of an action for judicial review.
Plaintiff does not dispute that the Department provided a substantial record of the administrative proceeding, including police officer's reports, the hearing officer's notes, and other materials, which supported the revocation order. Furthermore, as the trial court noted, plaintiff failed to assert that any evidence recorded on the destroyed tape was exculpatory.
Under these circumstances, we perceive no error in the trial court's refusal to vacate the revocation order based upon the erasure of the transcript tape.

II.
Plaintiff next contends that the trial court erred in concluding that, although the revocation hearing was held beyond the 60-day period set forth in § 42-2-126(8)(e)(I), the Department retained jurisdiction to revoke *529 his license. Specifically, plaintiff asserts that it was error for the trial court to conclude that the 60-day period began anew when the Department reacquired the case after judicial intervention. We perceive no error.
Section 42-2-126(8)(e)(I) requires the Department to schedule and conduct a revocation hearing not more than 60 days after the request for such hearing is filed. This 60-day statutory time limit is jurisdictional. See Wilson v. Hill, 782 P.2d 874 (Colo.App.1989).
Although the statute authorizes the rescheduling of a revocation hearing based upon the unavailability of a law enforcement officer or the hearing officer, see §§ 42-2-126(8)(e)(III) and 42-2-126(8)(e)(IV), C.R.S. (1996 Cum.Supp.), it does not address circumstances such as this in which judicial intervention prevents the occurrence of a properly scheduled hearing. Thus, because the statute is silent concerning this issue, we must focus on the legislative intent behind the enactment and construe the statute so as to effectuate the General Assembly's intent and the purpose of the legislative measure. See In re Estate of Royal, 826 P.2d 1236 (Colo.1992); Williams v. White Mountain Construction Co., 749 P.2d 423 (Colo.1988).
As pertinent here, the legislative purposes of the administrative revocation statute as stated in § 42-2-126(1), C.R.S. (1996 Cum.Supp.) are as follows:
(a) To provide safety for all persons using the highways of this state by quickly revoking the driver's license of any person who has shown himself or herself to be a safety hazard by driving with an excessive amount of alcohol in his or her body and any person who has refused to submit to an analysis....
(b) To guard against the potential for any erroneous deprivation of the driving privilege by providing an opportunity for a full hearing.
See Deutschendorf v. People, 920 P.2d 53 (Colo.1996).
Thus, the primary intent behind this statutory section is to protect the public by providing for a prompt but fair revocation procedure.
Plaintiff argues that the 60-day period to conduct a hearing should be tolled during judicial intervention and then resume immediately at the point the Department reacquires jurisdiction. We find that position untenable.
As noted by the trial court, strict tolling of the statute would allow great potential for abuse. Drivers facing revocation could simply seek judicial intervention towards the end of the 60-day period and thereby force the Department either to reschedule the hearing immediately upon reacquiring jurisdiction or face dismissal of the case. This could easily lead to an increased number of dismissals based upon jurisdictional grounds and would undermine the legislative goal of protecting the public from drivers who have shown themselves to be a safety hazard. Because this interpretation of the statute could lead to an absurd result, it should be avoided. See § 2-4-201(1)(c), C.R.S. (1980 Repl.Vol. 1B); Ricks v. Industrial Claim Appeals Office, 809 P.2d 1118 (Colo.App.1991).
Accordingly, we agree with the trial court that, in circumstances such as this in which the Department has scheduled a timely hearing, and a driver facing revocation seeks judicial intervention which results in the hearing being delayed beyond the 60-day period, that period begins anew upon the Department's reacquisition of jurisdiction.
We are also unpersuaded by plaintiff's argument that it was not his actions, but rather the filing the original proceeding by the Department, that caused the delay in this case. In our view, the Department's decision was a direct and foreseeable consequence of plaintiff's initial request for an injunction and stay in the district court.
Based upon the foregoing, we conclude that the trial court correctly determined that the Department had jurisdiction to revoke plaintiff's license at the rescheduled revocation hearing.

III.
Finally, plaintiff contends that the trial court erred in declining to impose certain *530 remedies for the Department's refusal to grant plaintiff's request for a probationary license pursuant to § 42-2-126.1. Again, we disagree.
Prior to the revocation hearing, plaintiff requested a hearing to apply for participation in the probationary license program. However, no such hearing was scheduled. The notice of hearing sent to plaintiff did not indicate that the hearing officer would address any issue other than revocation.
At the revocation hearing, plaintiff asked again to apply for a probationary license. The hearing officer either denied plaintiff's request or refused to consider it, apparently on the grounds that the Department had not yet implemented the probationary license program.
Plaintiff argues that the hearing officer's decision requires reversal of his license revocation or, in the alternative, automatic acceptance in the probationary license program. He further argues that the trial court erred in failing to impose or consider these remedies.
Even if we assume that the Department should have scheduled and conducted a probationary license hearing which coincided with plaintiff's revocation hearing, we, nevertheless, perceive no error in the trial court's refusal to grant the relief requested by plaintiff. Instead, we agree with the trial court's determination that plaintiff failed to demonstrate or allege that he had otherwise fully satisfied each of the remaining statutory requirements for receiving a probationary license. See § 42-2-126.1(2)(a.5), C.R.S. (1996 Cum.Supp.)(requiring that person seeking probationary license have no outstanding judgments or warrants for traffic offenses) and § 42-2-126.1(2)(b), C.R.S. (1996 Cum.Supp.)(requiring that person seeking probationary license agree to have remaining period of revocation converted to license suspension and doubled in length).
Thus, we agree with the trial court that it was not required to consider the remedy, if any, to which plaintiff was entitled based upon the Department's alleged failure timely to implement the probationary license program.
The judgment is affirmed.
PLANK and JONES, JJ., concur.